UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

The H.T. Hackney Co.,            Case No. 3:19-cv-353

      Plaintiff

v.                                                    ORDER

NZR Retail of Toledo, Inc., *et al.*,

      Defendants

## I. INTRODUCTION

Before me is Plaintiff the H.T. Hackney Co.'s request for $29,622.90 in attorney's fees, costs, and other expenses. (*See* Doc. Nos. 20 & 27).

On March 15, 2021, I granted Hackney's motion for summary judgment in part and entered judgment in its favor on its claim for breach of contract against Defendant NZR Retail of Toledo, Inc., and its claims for breach of guaranty against Defendants Naqid Hasan and Yazeed Qaimari. (Doc. No. 25). I also concluded Hackney was entitled to an award for reasonable attorney's fees as a component of its breach of contract and breach of guaranty claims. I ordered Hackney to submit further information to supplement its request for attorney's fees and gave Defendants 7 days from the date of Hackney's submission of this information to file a response. (*Id.*).

On March 19, 2021, Hackney submitted an affidavit by one of its attorneys, Mark W. Sandretto, along with invoices, documenting the attorney's fees Hackney incurred. (Doc. No. 27). Hackney requests attorney's fees, costs, and other expenses in the amount of $29,622.90. (*Id.*).

Defendants have not filed a response to Hackney's most recent filing and the time for doing so has passed.

## II. DISCUSSION

Under Ohio law, "[a]ttorney's fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees." *Wilborn v. Bank One Corp*, 906 N.E.2d 396, 400 (Ohio 2009) (citing *Nottingdale Homeowners' Ass'n, Inc. v. Darby*, 514 N.E.2d 702, 704 (Ohio 1987)). "In these instances, agreements to pay another's attorney fees are generally enforceable and not void as against public policy so long as the fees awarded are fair, just and reasonable as determined by the trial court upon full consideration of all of the circumstances of the case." *Id.* (internal quotation marks and citation omitted).

Ohio courts use the lodestar method to determine the appropriate amount of attorney fees, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Phoenix Lighting Grp., L.L.C. v. Genlyte Thomas Grp., L.L.C.*, 153 N.E.3d 30, 35 (Ohio 2020) (further citation omitted); *see also Calypso Asset Mgmt., LLC v. 180 Industrial, LLC*, 127 N.E.3d 507, 516 (Ohio Ct. App. 2018) (holding trial court should have applied the lodestar method when awarding attorney's fees pursuant to a provision in contractual agreement). "A reasonable hourly rate is the prevailing market rate in the relevant community, given the complexity of the issues and the experiences of the attorney." *Phoenix Lighting Grp.,* 153 F.3d at 35 (further citation omitted).

Plaintiff's counsel billed a total of 140.5 hours for the work counsel performed from the start of the case through my Memorandum Opinion and Order granting summary judgment. (*See* Doc. Nos. 27 & 27-1). Relying on my knowledge and experience in handling similar fee requests, as well as the detailed breakdowns of the tasks completed and time spent on each task that are included in the invoices submitted by Hackney, I conclude the 140.5 hours spent by Plaintiff's counsel is reasonable.

"A reasonable hourly rate is the prevailing market rate in the relevant community, given the complexity of the issues and the experiences of the attorney." *Phoenix Lighting Grp.,* 153 F.3d at 35 (further citation omitted). Here, the invoices indicate that the majority of these hours were billed by Sandretto, whose hourly rate was $225 per hour. (Doc. No. 27-1). And the total average rate for all hours billed by the firm was approximately $210 per hour. Once again relying on my knowledge and experience in handling similar fee requests, I find these rates were in line with the prevailing market rate in the community and thus were reasonable under the circumstances.

Because I find the invoices reflect charges for a reasonable number of hours billed at a reasonable rate, I conclude Hackney is entitled to an award of $29,622.90 in attorney's fees and other expenses.

As discussed in my previous order, Hackney is entitled to judgment against NZR for that amount as a component of Hackney's breach of contract claim against NZR. (Doc. No. 25 at 10). Hackney is also entitled to judgment against both Hasan and Qaimari individually as a component of Hackney's breach of guaranty claim. (*Id.* at 6-7). Thus, NZR, Hasan, and Qaimari are jointly and severally liable to Hackney for the same amount. (*Id.* at 7).

### III. CONCLUSION

For the reasons stated above, I grant Hackney's request for attorney's fees, costs, and other expenses. Hackney is awarded judgment for these fees, costs, and expenses in the amount of $29,622.90.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge